## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

DOUGLAS K. GALLINGER,                    )
)
     Plaintiff,                    )
)
v.                    )
     )  Case No. 1:17-CV-804-WC
JPMORGAN CHASE BANK,                    )
d/b/a CHASE BANK USA, N.A.,                    )
*et al.*,                    )
)
     Defendants.                    )

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, & 1446, Chase Bank U.S.A., N.A.

("Chase" or "Defendant"), improperly named in the Complaint as JPMorgan Chase

Bank d/b/a Chase Bank USA, N.A., the sole non-fictitious named party-defendant

in the above-captioned case, hereby removes this action from the Circuit Court of

Coffee County, Alabama, Enterprise Division where it is now pending as Civil

Action Number CV-2017-900189, to the United States District Court for the

Middle District of Alabama, Southern Division.  In support of this Notice of

Removal, Defendant asserts and avers as follows:

### FACTUAL ALLEGATIONS SUPPORTING REMOVAL

1.    Plaintiff Douglas K. Gallinger ("Plaintiff") commenced this action

against Chase and certain fictitious parties on October 22, 2017, by the filing of a

Complaint and Summons in the Circuit Court of Coffee County, true and correct copies of which are collectively attached to this Notice of Removal as **Exhibit A**.

2.      Chase was served with the Summons and Complaint via certified mail on October 25, 2017.

3.      Plaintiff is a resident citizen of the State of Alabama. (Compl. at ¶ 3.)

4.      As to Chase, Plaintiff alleges that it is "a foreign corporation organized under the laws of the State of New York which was doing business through agents at all times material hereto in Coffee County, Alabama." (*Id.* at ¶ 4.)

5.      In fact, Chase is a national banking association organized pursuant to the National Bank Act and operating under a certificate of authority from the Comptroller of the Currency.  The citizenship of a national bank is determined by the location of its designated main office.  *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006).  Chase Bank U.S.A., N.A., is a national bank having its designated main office in Wilmington, Delaware.  Therefore, there is complete diversity between Plaintiff and Defendant.

6.      Although Plaintiff named certain additional fictitious parties as defendants in accordance with Alabama state court practice, *see* Ala. R. Civ. P. 9(h), the citizenship of these fictitiously named defendants must be disregarded for purposes of determining removal jurisdiction.  28 U.S.C. § 1441(b)(1).

7.     Plaintiff's Complaint relates to a credit card account. Plaintiff maintained with Chase and upon which he was delinquent in his payments in the amount of approximately $15,000.00.   Plaintiff alleges he was making monthly payments until he was inaccurately reported as being deceased, at which time his monthly payments were caused to cease.   After the monthly payments ceased, Plaintiff's account was allegedly reported as delinquent.   Plaintiff alleges this caused him to lose the security clearance that was necessary to maintain his job as an overseas defense contractor, and that the loss of his security clearance in turn caused him to lose his job and to suffer "other damages." (Compl. at ¶¶ 10-28.)

8.     Plaintiff asserts claims for negligence and tortious interference with contractual relationship, and, with respect to the latter, Plaintiff alleges that Chase's conduct was intentional and malicious. (Compl. at ¶ 31.)

9.     In the *ad damnum* paragraph following each count of Plaintiff's Complaint, Plaintiff seeks damages "in such amount as may be awarded by a jury" and "for any and all damages as necessary to compensate him for the losses that he sustained."

10.    Specific to his claim for damages, Plaintiff alleges that "[a]s a result of [Chase's] failure to accept monthly payments from the [sic] Gallinger, when the Defendant reported Gallinger as being delinquent on the debt, Gallinger's security clearance was revoked and Gallinger lost his employment." (Compl. at ¶ 24).

3

Plaintiff further demands "costs, attorney's fees, interest, and any and all other damages as allowed by law" in an amount to be determined by the jury. (Complaint at *ad damnum* clauses to ¶¶ 8-28, 29-33.)

11.    Plaintiff does not quantify the monetary award he is seeking nor does he limit his claimed damages to an amount below the minimum jurisdictional amount in controversy. (*See generally*, Complaint.) Plaintiff makes a jury demand and requests that a jury award him "all damages as necessary to compensate him for the losses that he sustained" and "any and all costs, attorney's fees, interest, and any and all other damages as allowed by law.". (*Id.* at *ad damnum* clauses.)

12.    In a letter to Chase dated January 17, 2017, attached hereto as **Exhibit B**, Plaintiff claimed that, as a result of Chase's actions, he had already lost $13,180.30 in wages, that he continued to lose wages at the "rate of $6,590.15 for every two week period," and that he would have accrued $39,540.30 in lost wages by March 22, 2017, when his employment would be terminated.[1]  Accordingly, based on this information, Plaintiff is claiming Chase's actions cost him a job that paid him a little more than $170,000 per year[2] and that he would have potentially

---

[1] Plaintiff also implies that Chase's actions prevented him from sending one of his children back to college. *See* Gallinger Letter to Chase of February 21, 2017, attached hereto as **Exhibit C**.
[2] $6,590.15 * 26 = $171,343.90.

suffered $138,392.55 in lost wages by the time he filed the complaint on October 22, 2017.[3]

13.   Chase does not admit Plaintiff was damaged or that it was responsible for any damages he did suffer.   Nonetheless, Defendant agrees that if a jury concludes that Defendant is liable to the Plaintiff for all his damages, the damages award could exceed $75,000.00.

## FEDERAL SUBJECT MATTER JURISDICTION EXISTS

14.   Pursuant to the federal diversity statute, federal subject matter jurisdiction exists over this civil action because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (3) citizens of different States."   28 U.S.C. § 1332(a)(1); *see also Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).   "[T]he party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction."   *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (quoting *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006)).

15.   As demonstrated above, for diversity purposes, Plaintiff is a citizen of Alabama, where he maintains permanent residence and domicile.   Chase is deemed to be a citizen of Delaware, where its designated main office is located.

---

[3] $39,540.30 (damages as of March 22, 2017) plus $98,852.25 (lost wages since March 22, 2017).

Accordingly, complete diversity exists pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Chase are "citizens of different States."

16. With regard to the amount in controversy, "'[w]here, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.'" *Pretka*, 608 F.3d at 752 (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)); *see also* 28 U.S.C. § 1446(c)(2) (removal statute as recently amended codifying "preponderance of the evidence" with unstated amount in controversy).

17. In certain circumstances, removal of a complaint that "'does not claim a specific amount of damages . . . is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.'" *Pretka*, 608 F.3d at 754 (quoting *Williams*, 269 F.3d at 1319). Where a complaint is removed under the first paragraph of 28 U.S.C. § 1446(b) (within thirty days of initial service), there is "no[] limit [on] the types of evidence that may be used to satisfy the preponderance of the evidence standard." *Pretka*, 608 F.3d at 755, 768. Instead, a removing defendant "may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "their own affidavits, declarations, or other documentation." *Id.* A removing defendant may also include "factual allegations establishing jurisdiction" in the notice of removal if it

"can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Id.* at 754.

18.    In this action, Plaintiff is clearly going to be seeking compensatory damages (in the form of lost wages) in excess of the $75,000 amount in controversy requirement. According to the Complaint, Chase's action caused him to lose his security clearance and ultimately his job. That job, based on his own statements, paid him more than $170,000 annually and that he had suffered almost $40,000 in damages six months before the Complaint was filed.

19.    Further, in determining the amount in controversy, each category of damages claimed in a complaint, including "punitive damages[,] must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987); *see also Renfroe v. Allstate Property and Cas. Ins. Co.*, 10-00359-CG-B, 2010 WL 4117038, at *4 S.D. Ala. Sept. 23, 2010) (Bivens, M.J.) ("The law is clear that the amount in controversy includes not only compensatory damages, but punitive damages as well.").

20.    Plaintiff also claims "costs, attorney's fees, interest, and any and all other damages as allowed by law." (Compl. at ¶¶ 28, *ad damnum to* ¶¶ 29-33.) These items also suggest Plaintiff's Complaint satisfies the amount-in-controversy

requirement. *See Kennedy Co. v. Just in Time Chem. Sales & Mktg., Inc.*, No. CV-13-S-628-NE, 2013 WL 3879905, at *3 (N.D. Ala. July 26, 2013) (remand denied where, inter alia, attorneys' fees claim in negligence action were included in amount-in-controversy calculation).

21.     Plaintiff's asserts in Count II that Chase interfered with his contractual relationship with his employer both "intentionally and with malice." Thus, despite Plaintiff's failure to expressly characterize the damages sought as of the punitive variety, his allegation of intentional, malicious conduct on the part of Chase necessarily implies, from Chase's view, a very thinly-veiled request for punitive damages and Alabama law allows for the recovery of punitive damages for this claim. *Gross v. Lowder Realty Better Homes & Gardens*, 494 So. 2d 590, 597 n. 4 (Ala. 1986). Thus, Plaintiff is seeking an award of over $150,000 in compensatory damages plus punitive damages. Moreover, to the extent Plaintiff recovered on his claim for intentional interference with his contract (which Chase denies), he could potentially recover damages for emotional distress, consequential damages, and harm to his reputation. *See Roberson v. C.P. Allen Constr. Co.*, 50 So. 3d 471, 477 (Ala. Civ. App.2010) ("The damages recoverable for intentional interference with a contractual relationship include: '(1) the pecuniary loss of the benefits of the ... relation; (2) consequential losses for which the interference is a legal cause; ... (3) emotional distress or actual harm to reputation if either is reasonably to be

8

expected to result from the interference. . . and (4) punitive damages.') (quoting *White Sands Group, L.L.C. v. PRS II, LLC*, 32 So. 3d 5, 17 (Ala. 2009); other internal citations omitted). Thus, Plaintiff is, if not facially apparent from the Complaint, certainly seeking in excess of $75,000.00 in damages in this action.

22.     Finally, because Defendant files this notice of removal within thirty days of its receiving a copy of the initial pleading, Defendant's notice of removal is timely pursuant to 28 U.S.C. § 1446(b).    Accordingly, this case is removable pursuant to 28 U.S.C. § 1441(a)-(b), as original jurisdiction exists and none of the "parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id*. at § 1441(b)(2).

## ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

23.     In accordance with 28 U.S.C. § 1446(a), Defendant has attached as **Exhibit D** true and correct copies of all process, orders, and other papers served on Defendant as of the date of this removal.

24.     Attached hereto as **Exhibit E** is a copy of the Notice of Filing this Notice of Removal that is being filed with the clerk of the Circuit Court of Coffee County, Alabama.

25.     Attached hereto as **Exhibit F** is Defendant's Corporate Disclosure Statement.

WHEREFORE, Defendant files this Notice of Removal in order to remove this action from the Circuit Court of Coffee County, Alabama, where it is now pending as case number CV-2017-900189.00, to this Court for all further proceedings.

/s/ _____

W. PATTON HAHN
BRODIE T. JAMES
Attorneys for Defendant Chase Bank
U.S.A., N.A.

**OF COUNSEL:**

BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
1400 Wells Fargo Tower
420 North 20th St.
Birmingham, AL  35203
(205)328-0480 Telephone
(205)322-8007 Facsimile
phahn@bakerdonelson.com
bjames@bakerdonelson.com

[ CERTIFICATE OF SERVICE TO FOLLOW ]

## CERTIFICATE OF SERVICE

I hereby certify that on this the 22nd day of November, 2017, the foregoing has been served via the United States Postal Service:

Tracy W. Cary
MORRIS, CARY, ANDREWS,
TALMADGE & DRIGGERS, LLC
3334 Ross Clark Circle
Dothan, Alabama 36303

OF COUNSEL