10/22/2017 12:23 PM
71-CV-2017-900189.00
CIRCUIT COURT OF
COFFEE COUNTY, ALABAMA
MICKEY COUNTS, CLERK

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ENTERPRISE DIVISION

| | |
|---|---|
| DOUGLAS K. GALLINGER, | ) |
| Plaintiff, | ) Case No.: CV-2017- 900189 |
| v. | ) |
| JPMORGAN CHASE BANK, d/b/a CHASE BANK USA, N.A., | ) |

and Fictitious Defendants A through D, whether singular or plural, intending to refer to the true name of that person, firm, corporation, or other entity or successor in interest who or which jointly, separately, and/or severally who caused damages to Plaintiff by the breach of a duty owed to Plaintiff. Defendants A through D are defendants whose true identities are not known to the Plaintiff at this time, but who will be substituted to this Complaint when their identity as proper party defendants has been determined.

)
Defendants.   )

## COMPLAINT

**PLEASE NOTE:** Plaintiffs' First Interrogatories, Request for Production of Documents, Request for Admissions and Notice of Deposition have been served with this Complaint. If you did not receive these documents, please telephone the undersigned attorney's office, and a copy will be forwarded to you immediately.

COMES NOW THE PLAINTIFF in the above-styled action and file the following Complaint:

### GENERAL AND JURISDICTIONAL ALLEGATIONS

1. The matters in dispute, exclusive of costs, exceed the minimum jurisdictional requirements of this Court.

2. Venue is appropriate in this Court because the conduct complained of herein occurred in Coffee County, Alabama.

3. Plaintiff Douglas Gallinger, (hereinafter "Plaintiff" or "Gallinger") is an adult resident and citizen of Coffee County, Alabama.

1

4. Defendant JPMorgan Chase Bank d/b/a Chase Bank USA, N.A., (hereinafter "Defendant" or "Company") is a foreign corporation organized under the laws of the State of New York which was doing business through agents at all times material hereto in Coffee County, Alabama.

5. A substantial part of the acts and omissions giving rise to Gallinger's claims against Defendant occurred in Coffee County, Alabama.

6. The breach of contract made the basis of the Gallinger's Complaint occurred on or about September 19, 2016, in Coffee County, Alabama.

7. The interference with existing contractual and business relationships made the basis of the Gallinger's Complaint occurred on or about December 19, 2016.

## COUNT ONE
## NEGLIGENCE

8. Plaintiff hereby adopts and reavers all of the above allegations, as if fully set out herein.

9. Prior to the spring of 2014, Gallinger owed a debt to the Defendant in the amount of approximately $15,000.00.

10. In approximately the spring of 2014, Gallinger entered into a payment agreement with the Defendant by which Gallinger agreed to make monthly payments to the Defendant.

11. Thereafter, Gallinger made regular monthly payments to the Defendant in the amount of $250.00 per month for more than two years.

12. Gallinger's monthly payments to the Defendant came by way of automatic deductions from Gallinger's bank account with Nationwide Bank.

13. Gallinger owed the duty to make monthly payments as agreed.

2

14. Defendant owed Gallinger the duty to create and keep accurate records and to process Gallinger's payments and apply the payments to Gallinger's account.

15. Gallinger kept his end of the bargain by making sure his bank account had sufficient funds to enable the Defendant to withdraw the monthly payments as agreed.

16. Unbeknownst to Gallinger, in approximately July 2016, the Defendant negligently and incorrectly listed the Gallinger as deceased in the Defendant's records, and as a result, the Defendant instructed the Gallinger's bank to stop sending monthly payments on the Gallinger's account balanced owed to Defendant.

17. During much of this time, Plaintiff was employed in the Middle East in an occupation that required him to possess a valid Secret Clearance.

18. In approximately September 2016, Plaintiff received a letter from the Defendant addressed to The Estate of Douglas Keith Gallinger in which the Defendant thanked the Gallinger for notifying the Defendant of Gallinger's death and requested a copy of Gallinger's death certificate.

19. Because the Gallinger was not and is not deceased, the Gallinger never notified the Defendant of his death.

20. Due to his deployment to the Middle East, Gallinger was often unable to receive his mail in a timely manner.

21. However, as soon as the Gallinger received a copy of the letter from the Defendant addressed to Gallinger's Estate, Plaintiff contacted a representative of the Defendant and he informed the representative that he was still alive.

22. The Defendant's representative assured the Gallinger that the matter would be resolved with no adverse consequences to the Gallinger.

3

23. However, because of the Defendant's error in classifying the Gallinger as deceased and the Defendant's error in stopping automatic withdrawals from the Gallinger's bank account to satisfy the debt Gallinger owed to the Defendant, the Defendant reported Gallinger as being delinquent on the debt he owed to the Defendant.

24. As a direct result of the Defendant's failure to accept monthly payments from the Gallinger, when the Defendant reported Gallinger as being delinquent on the debt, Gallinger's security clearance was revoked and Gallinger lost his employment.

25. Gallinger tried numerous times to convince the Defendant that he was and is alive and that he was making the agreed upon monthly payments until the Defendant's negligence caused the payments to stop.

26. In other words, the Defendant stopped accepted payments from the Gallinger and then reported the Gallinger as delinquent.

27. Defendant breached one or more duties it owed to Gallinger, including but not limited to, the duty to create and keep accurate records, to not list Gallinger as deceased when he was not deceased, to accept Gallinger's monthly payments as agreed and to not report Gallinger as delinquent when he was not delinquent.

28. As a proximate result of the Defendant's negligence, the Plaintiff lost his security clearance and his job and has suffered other damages.

WHEREFORE, the Plaintiff demands judgment against the Defendant in such amount as may be awarded by a jury.

### COUNT TWO
### TORTIOUS INTERFERENCE WITH
### CONTRACTUAL RELATIONSHIP

29. Plaintiff hereby adopts and reavers all of the above allegations, as if fully set-out

4

herein.

30.     At all times material hereto, Defendant knew, or had reason to know, of the existing contractual relationship between Gallinger and his employer.

31.     Knowing fully of the existence of the ongoing contractual relationship, and fully knowing that interference with this employer would damage Gallinger's ability to generate revenue, Defendant, without justification or privilege, intentionally and with malice interfered with Gallinger's contractual relationship with his employer.

32.     The Defendant's interference with Gallinger's contractual relationship with his employer included wrongfully reporting Gallinger as dead; failing to accept Gallinger's agreed upon payments; reporting Gallinger as delinquent when it was the Defendant's conduct that caused the delinquency; and causing Gallinger's security clearance to be revoked.

33.     As a direct and proximate consequence of Defendant's intentional and unjustified interference, Gallinger has been and continues to be damaged.

WHEREFORE PREMISES CONSIDERED, Gallinger hereby demands judgment against the Defendant for any and all damages as necessary to compensate him for the losses that he sustained. Plaintiff further demands costs, attorney's fees, interest, and any and all other damages as allowed by law, in an amount to be determined by the trier of fact.

### JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues so triable.

/s/ Tracy W. Cary
Tracy W. Cary

Dated this the 22nd day of October, 2017.

MORRIS, CARY, ANDREWS,
TALMADGE & DRIGGERS, LLC

/s/   Tracy W. Cary
TRACY W. CARY (CAR098)
Attorney for Plaintiff
3334 Ross Clark Circle
Dothan, Alabama 36303
(334) 702-0000 Tel
(334) 673-0077 Fax
tcary@mcatlaw.com

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL:**
JPMorgan Chase Bank
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

6